Curia, per

Earle, J.
The fundamental principle which pervades the whole law of agency, is, that an agent cannot delegate his authority; he cannot appoint a sub-agent; he cannot substitute another in his place. Where the Courts in England and in this country held an auctioneer, who made a sale, to be the agent of both the vendor and purchaser, it was perhaps* a departure from the letter of the statute, but justified by the necessities of business. To hold an entry by the clerk of an auctioneer to be a compliance with the statute, would be virtually a repeal. If it had not been seriously argued, I should have considered the point too plain to be disputed. We understand the practice is general in Charleston, for the clerks to make the entries. How such a mistake has arisen, it would be needless to conjecture. It has been ruled otherwise, both here and in England. In Meadows vs. Meadows, the very point was made and decided, that an entry by the clerk of the auctioneer was not a compliance with the statute, (3 McCord, 458,) and the case of Coles vs. Trecothick, (9 Ves, 251,) there referred to, decides the same point, that whatever may be the usage of trade, an auctioneer’s clerk is not an agent within the statute, whose signature will bind the party, unless the authority of the latter has been specially obtained, or he has assented to it afterwards. The authority of Lord Eldon is always of the highest consideration, and having been relied on to sustain the case cited from McCord, it would be of no avail to cite other cases. In Meadows vs. Meadows, the sale was made in North Carolina, but their statute is the same.
And is it not obvious, upon the reason of the thing, that the clerk is not the authorized agent of the buyer ? The sale is made by the auctioneer. He is the mutual agent of the parties, and the very ground on which his entry is held to bind the purchaser, is, that it is made upon the spot, at the time, and under the confidence inspired by his official character. Such an entry is supposed to be made in the presence of the parties: for it is only upon that ground that he can be considered the agent of the purchaser. When the clerk is twenty yards, or twenty feet, distant at the time the article is knocked down, and makes the entry from the mouth of the auctioneer, what security has the auctioneer that the entry is according to the fact ? It would be as reasonable to hold that an entry made the next day, or a week after, would be binding.
It was argued, and the suggestion was countenanced by one of the Court, that the vendue Act has made a change on that subject. I think clearly otherwise. That Act seems to have been framed in conformity with the decisions of the Courts on the statute of frauds. Conceding that the auctioneer is the agent, and may bind the purchaser, it has provided that he shall keep books, in which shall be entered all sales, whether public or private. It would seem to follow, as an obvious conclusion, that the entries which are required to be made, and which, when proved, according to Carter vs. Bennett, (Ril. Ca. 287,)(a) are enough to enable *303 the auctioneer to recover either the price of the article sold, or the difference between a first and second sale, must be made by the auctioneer himself. He is the person licensed, who gives bond, and takes an oath ; and the legal effect of his entry to bind the parties arises from his official character, and the ^confidence reposed in him by both. A clerk known to neither is entitled to no such confidence, and his entry, not made in the presence of the purchaser, and with his assent, is not a compliance with the statute, and does not bind.
See Cathcart vs. Kernaghan, 5 Strob., 130; Wolfe vs. Sharpe, 10 Rich., 63; Christie vs. Simpson, 1 Rich., 410; 3 McC., 458. An.
Magralh, for the motion. Frost, contra.
The motion to set aside the verdict is refused.
Gantt, Butler and Richardson, JJ., concurred.

 3 Hill, 254. An.